# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEON ROSSETTO,<br><br>Defendant. | Case No: 3:06-cr-01435-DMS-2<br><br>**ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

This case returns to the Court on Defendant Leon Rossetto's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set out below, the motion is granted.

On March 11, 2008, Defendant pled guilty to one count of conspiracy to commit a violent crime in aid of racketeering ("VICAR") in violation of 18 U.S.C. §1959(a), and one count of carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF Nos. 78, 80.)  On August 22, 2008, Defendant was sentenced to a total of 180 months' incarceration.  (ECF Nos. 99, 102, 118.)

On May 22, 2018, Defendant filed the present motion to vacate his conviction for violating 18 U.S.C. § 924(c), arguing his § 1959(a) conviction does not qualify as a predicate "crime of violence" under § 924(c), because the "residual clause" of § 924(c)'s definition of "crime of violence" is unconstitutionally vague.  (ECF No. 112.)

The United States initially filed a response in opposition. (ECF No. 121.) While Defendant's motion was pending, the United States Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague.  Pursuant to the Court's order, the United States filed a supplemental briefing addressing the impact of *Davis* on Defendant's motion. (ECF No. 129.) Also pending before the Court is Defendant's motion to appoint counsel. (ECF No. 113.)

18 U.S.C. § 924(c)(1)(a)(i) prohibits any person from using or carrying a firearm "during and in relation to any crime of violence."  A "crime of violence" is defined as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. 924(c)(3).  The Supreme Court refers to the language of these subsections as the "elements clause" and the "residual clause," respectively.[1]  *See Davis*, 139 S. Ct. at 2324.

In *Davis*, the Supreme Court struck down the "residual clause" of § 924(c) as unconstitutionally vague.  Accordingly, as the United States concedes, a conviction under § 1959(a) no longer qualifies as a crime of violence under § 924(c)(3)(B).  Nor does Defendant's § 1959(a) conviction qualify as a crime of violence under the "elements clause" of § 924(c), because he pled guilty to conspiracy to commit murder, an offense which does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(A); *see United States v. McCollum*, 885 F.3d 300, 309 (4th Cir. 2018) (holding conspiracy to commit VICAR murder is not categorically a crime of violence); *Bonilla v. United States*, No. 07 CR 0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) ("[C]onspiracy to commit murder in-aid-of

---

[1] Courts also sometimes refer to subsection (A) as the "force clause."

racketeering . . . is not categorically a crime of violence following *Davis* and therefore cannot support a conviction under § 924(c).")

In sum, the United States agrees Defendant's conviction for VICAR conspiracy under § 1959(a) no longer qualifies as a crime of violence capable of supporting his § 924(c) conviction. Moreover, the United States no longer seeks to enforce the waiver of appeal and collateral attack contained in Defendant's plea agreement.

For these reasons, the Court VACATES Defendant's conviction on Count 2 for violation of 18 U.S.C. § 924(c). Defendant's motion for appointment of counsel is DENIED as moot.

**IT IS SO ORDERED.**

Dated:  March 30, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court